J-S31020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: W.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: W.A. | No. 56 MDA 2015 |

Appeal from the Order Entered on December 24, 2014
In the Court of Common Pleas of Centre County
Civil Division at No.: 2006-660

BEFORE:  BENDER, P.J., ALLEN, J., and WECHT, J.

CONCURRING STATEMENT BY WECHT, J.:              **FILED JUNE 01, 2015**

I join in the disposition reached by the learned Majority.  Our decisional law is clear that, in analyzing due process under the MHPA, we must consider the procedural protections provided by the statute relative to the specific situation.  **See** Maj. Mem. at 5-6.  I write separately only to express my unease with the situation where the attendant delay between the hearing and the rendering of a decision becomes progressively longer without any clear boundary regarding when due process is offended.  We previously approved a delay when the decision was due on a Friday but rendered on a Monday in this case.  **See In re W.A.**, 91 A.3d 702 (Pa. Super. 2015).  Here, we approve of a delay when the decision was due on a Sunday and rendered on a Thursday.  **See** Maj. Mem. at 2, 10.  In **In re S.L.W.**, 698 A.2d 90 (Pa. Super. 1997), we approved a nine-day delay when the court provided an excuse that the appellant's son was seeking an alternative placement.  While I agree that the instant delay is still within the

bounds of due process as interpreted by our decisional law, the trial court must be on notice, especially since the history of W.A.'s mental health issues indicates this situation may recur, that it cannot allow the delay to continue to creep ever longer and expect growing delays to continue to receive approval in this Court.